FAGEN FRIEDMAN & FULFROST, LLP
Jonathan P. Read, SBN 199101
jread@f3law.com
Tiffany M. Santos, SBN 239702
tsantos@f3law.com
Shiva E. Stein, SBN 215012
sstein@f3law.com
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Phone: 760-304-6000
Fax: 760-304-6011

Attorneys for ALTA LOMA SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| L.C., a minor, by and through his Guardian Ad Litem, Ausencia Cruz,<br><br>Plaintiffs,<br><br>vs.<br><br>ALTA LOMA SCHOOL DISTRICT, A Local Educational Agency,<br><br>Defendant. | CASE NO. 5:18-CV-01535-SVW-SHK<br><br>**DEFENDANT ALTA LOMA SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF MOTION**<br><br>Date:   April 18, 2022<br>Time:   1:30 p.m.<br>Crtrm.: 10A, 10th Floor<br>Judge:  Hon. Stephen V. Wilson |

Defendant Alta Loma School District ("District") submits the following Opposition to Plaintiff's Ex Parte Application for Continuance of Hearing regarding District's Motion to Compel Compliance ("Ex Parte Application").

As set forth below, Plaintiff's Ex Parte Application should be denied because Plaintiff has not established an entitlement to extraordinary relief. Plaintiff has failed to establish that he will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures. Plaintiff has also failed to establish that he is without fault in creating the need for ex parte relief. Consequently, District respectfully requests the Court to deny Plaintiff's Ex Parte Application.

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

## I.   FACTUAL BACKGROUND

On June 8, 2021, the Ninth Circuit Court of Appeals ("Ninth Circuit") reversed the Court's July 18, 2019 decision on the merits and vacated the Court's December 18, 2019 attorney fees order.[1]  Dkt. 88.

Subsequently, on June 30, 2021, the Ninth Circuit issued a formal mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure regarding its June 8, 2021 decision.  Dkt. 89.

On July 7, 2021, following the Ninth Circuit's reversal, District requested reimbursement of attorney fees and costs previously paid to Plaintiff's counsel, Tania Whiteleather ("Whiteleather"), pursuant to the Court's prior October 3 and December 18, 2019 orders in the amount of $2,784.17.  *See* Dkt. 71 and 80.

On or about June 22, 2021, Plaintiff filed a Petition for Rehearing with the Ninth Circuit regarding the Ninth Circuit's reversal of the Court's July 18, 2019 decision on the merits and December 18, 2019 decision vacating attorney fees.  *Id.*

On July 30, 2021, Whiteleather represented that she would repay District $2,784.17 of attorney fees and costs "[i]f there is a ruling denying an *En Banc* Re-Hearing, your client [District] will receive a timely payment."  Dkt. 92-3, Ex. 6.

On January 14, 2022, the Ninth Circuit denied Plaintiff's Petition for Rehearing *En Banc*.  *Id.*, Ex. 11.  Based on the Ninth Circuit's ruling, Plaintiff did not prevail in his original administrative due process matter before the California Office of Administrative Hearings ("OAH") nor any subsequent related proceedings.  Plaintiff is not entitled to recover any attorney fees.  For over eight months, District has repeatedly attempted to recover the overpaid attorney fees and

---

[1] A more extensive discussion of the factual background and procedural history in this case is outlined in District's Memorandum of Points and Authorities Supporting Defendant Alta Loma School District's Motion to Compel Compliance with Court's Prior Order Regarding Reimbursement of Attorney Fees and Costs and Request for Monetary Sanctions.  Dkt. 92-1.

costs without success. *Id.*, Exs. 6-10.

District has extensively met and conferred with Plaintiff's counsel on numerous occasions in an attempt to avoid additional costly law and motion work and to preclude the wasting of District and judicial resources. *Id.* Despite promises to reimburse District, Whiteleather has been non-responsive to District's numerous requests for re-payment and compliance with the Ninth Circuit Court of Appeals' Order. *Id.* Following the Ninth Circuit's denial of Plaintiff's Petition for Rehearing En Banc, District specifically reached out on January 24, February 11 and 24, and March 3, 2022 requesting that Whiteleather return the funds that she owes and had agreed to repay following a decision denying Plaintiff's Petition for Rehearing En Banc. *Id.* To date, Whiteleather has not repaid District nor has she responded to District's February 24 and March 3, 2022 correspondence. *Id.*

Consequently, on March 16, 2022, District filed its Motion to Compel Compliance with Court's Prior Order Regarding Reimbursement of Attorney Fees and Costs and Request for Monetary Sanctions ("Motion") to recover the monies owed to it by Whiteleather. Dkts. 92, 92-1, 92-2, 92-3. 92-4. District warned Whiteleather that if repayment was not made, District would file its Motion. Dkt. 92-3, Exs. 6-10. Indeed, prior to filing its Motion, Whiteleather had numerous months and multiple opportunities to comply with the Court's order and repay the monies owed to it, if she wanted to do so. Instead of complying with the Court's order, Whiteleather chose to protract litigation, cause unnecessary delay and needless increased costs, which resulted in wasted public and judicial resources. This is consistent with Plaintiff's prosecution of this case in the administrative OAH proceeding and with this Court.

On March 17, 2022, at 4:07 p.m., Plaintiff filed his Ex Parte Application, which District opposes for the reasons discussed below. Plaintiff's Ex Parte Application is yet another attempt to further delay and protract resolution of this case and needlessly increase the cost of litigation.

## II. LEGAL ARGUMENT

Plaintiff's Ex Parte Application must be denied as Plaintiff has failed to establish extraordinary relief is necessary or that his request is based upon extraordinary circumstances.

### A. Plaintiff Has Neither Established Extraordinary Relief Is Necessary Nor Is His Request Based Upon Extraordinary Circumstances.

This Court has advised counsel that it "allows ex parte application solely for extraordinary relief – sanctions may be imposed for misuse of ex parte applications. See In Re: Intermagnetics America, Inc. 101 Brank. 191 (C.D. Cal 1989)." (SVW Courtroom Rules, ¶5.) Thus, ex parte applications are solely for extraordinary relief. In this case, Plaintiff failed to establish extraordinary relief is warranted. Consequently, the Court should deny Plaintiff's Ex Parte Application.

This Court has also stated that "[e]x parte motions are rarely justified" and "are inherently unfair," and that their "abus[e] . . . is detrimental to the administration of justice and . . . present ever-increasing problems for the parties, their lawyers, and for the court. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 489-490 (C.D. Cal. 1995). For these reasons, ex parte applications are highly disfavored and reserved for situations in which "extraordinary relief" is warranted. *See id.* at 492.

A party seeking ex parte relief must establish: (1) why a motion cannot be calendared in a regular manner; (2) that the requesting party will be irreparably prejudiced if a motion is heard in accord with regular procedures; and (3) that the requesting party is without fault in creating the crisis that requires ex parte relief or that the crisis was due to excusable neglect. *Id.* "In other words, [an ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Id.* In this case, Plaintiff failed to address of these requirements and instead, only pled the merits of

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

his request for a continuance of the Motion hearing. This alone is sufficient grounds to deny the Ex Parte Application. *Id.*

In any event, Plaintiff appears to request a continuance of the hearing on District's Motion by more than a month because his counsel will be "on an extended vacation", which will not allow his counsel sufficient time "to review the motion, research any cited authorities and file an opposition." Dkt. 93-1. Plaintiff's counsel, though, does not appear to have a conflict on the date or time of the hearing on the Motion. In addition, Plaintiff appears to request a continuance of the hearing to allow his counsel time to file "a new complaint for attorney's fees and costs for the second hearing involving L.C. which was never appealed and in which Plaintiff clearly prevailed." Dkt. 93-1. Whether Plaintiff seeks to file a new complaint on another matter has nothing to do with the current matter set before this Court. Plaintiff failed to cite any authority to support his request. Additionally, the reasons supporting Plaintiff's request for a continuance of the hearing on the Motion do not merit extraordinary relief, much less, a continuance of the current Motion hearing date.

Plaintiff's counsel has had ample notice of District's anticipated Motion since District has attempted to meet and confer with Whiteleather on multiple occasions. Dkt. 92-3. Following the Ninth Circuit's denial of Plaintiff's Petition for Rehearing En Banc, District specifically reached out on January 24, February 11 and 24, and March 3, 2022 requesting that Whiteleather return the funds that she owes and had agreed to repay. *Id.* District stated that it would file a motion to recover its fees should she fail to comply with the Court's order and her own promise to repay District. *Id.* In District's last correspondence to Whiteleather, on March 3, 2022, it specifically informed Whiteleather that it was preparing the pleadings to recover the funds she acknowledged she owed to District. *Id.* Whiteleather neither repaid District nor did she respond to District's correspondence. *Id.* Therefore, Plaintiff's counsel has had sufficient time to formulate response to District's Motion and does

not require an additional month to prepare an opposition to District's Motion. Plaintiff contends that his counsel will have "little to no internet access" to allow her to prepare an opposition; however, if Plaintiff's counsel will be without internet access, how will she know of the Court's order regarding Plaintiff's Ex Parte Application? Dkt. 93-1. Regardless, Plaintiff's counsel's lack of preparation or diligence is not an extraordinary circumstance and would not warrant a continuance of the Motion hearing; Plaintiff's counsel created the circumstances herself. Consequently, District respectfully requests that the Court deny Plaintiff's Ex Parte Application.

  Plaintiff's request for a continuance to allow his counsel time to file "a new complaint for attorney's fees and costs" for an unrelated proceeding is not a circumstance for which a one-month continuance of the Motion hearing is necessary. First, despite multiple attempts to obtain such information from Plaintiff's counsel, Plaintiff has failed to identify which proceeding he contends he prevailed and for which he would be entitled fees. Also, Plaintiff has failed to establish any nexus between that proceeding and this case and, specifically, how that complaint would relate to the current Motion. Plaintiff has also failed to articulate why he has not yet filed such complaint and any diligence regarding his attempts to do so. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Mission Power*, 883 F.Supp. at 493; quoting *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Regardless, Plaintiff cannot unilaterally decide to offset what his counsel owes with an unsubstantiated allegation that he believes that he is entitled to fees from District regarding a separate matter. Plaintiff's Ex Parte Application must be denied.

  As indicated above, Plaintiff's Ex Parte Application and stated intention to file another complaint against District is yet another attempt by Plaintiff and his counsel to further protract litigation in this case, causing unnecessary delay and

increasing the cost of litigation, which is resulting in wasted scarce public and judicial resources. Further delaying this matter is prejudicial to District whose limited public resources are being consumed by this case.

Additionally, Plaintiff has had control over the circumstances that resulted in this ex parte request. Plaintiff now seeks to remedy a problem of his counsel's own making. Plaintiff should not be rewarded for such mistakes. *See*, *e.g.*, *AT&T Intellectual Prop. II, L.P v. Toll Free Yellow Pages Corp*, 2009 WL 4723613, at *1 (C.D. Cal. Dec. 2, 2009) (denying ex parte application where moving party "did not even attempt to demonstrate" irreparable prejudice and where crisis that precipitated the application was of the moving party's "own making . . .")

### III.   CONCLUSION

For the reasons discussed above, District respectfully requests that the Court deny Plaintiff's Ex Parte Application.

DATED: March 18, 2022         FAGEN FRIEDMAN & FULFROST, LLP

By:   /s/ Tiffany M. Santos
Tiffany Santos
Shiva E. Stein
Attorneys for ALTA LOMA SCHOOL DISTRICT

368-256/6310407.1