Tania L. Whiteleather  SBN 141227
Law Offices of Tania L. Whiteleather, Inc.
5445 E. Del Amo Blvd., Ste 207
Lakewood, CA 90712
tel (562) 866-8755  fax (562) 866-6875
tlwhiteleather@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| L.C., a minor, by and through his Guardian Ad Litem, AUSENCIA CRUZ, <br><br>    Plaintiffs, <br><br>    v. <br><br> ALTA LOMA SCHOOL DISTRICT, A Local Educational Agency, <br><br>    Defendant. <br> _____ ) | CASE NO.CV 18-01535 SVW (SHKx) <br><br> PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH COURT'S PRIOR ORDER AND TO REQUEST FOR REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS AND FOR MONETARY SANCTIONS <br><br> DATE: 4-18-22 <br> TIME: 1:30 p.m. <br> CTRM: 10A |

Plaintiff presents his Opposition to Defendant's Motion to Compel Compliance with Court's Prior Order and to Defendant's Request for Monetary Sanctions as follows:

/////

/////

/////

/////

/////

1

# TABLE OF CONTENTS

page

Introduction. . . . . . . . . . . . . . . . . . 2

Plaintiff's Counsel Did Not Act in
A Dilatory or Bad Faith Manner. . . . . . . . . 3

Defendant's Counsel Failed to Comply With
Local Rule 7-3 Prior to Filing of Any Motion. . 4

Attorney's Fees Are the Right of and
Payable To A Parent Who Prevails In
A Due Process Hearing. . . . . . . . . . . . . .7

Plaintiff's Counsel Has Advanced the
Reimbursement of Plaintiff's Attorney's
Fees to Defendant Alta Loma School District. . .8

Other Actions of Plaintiff's Counsel
Were Not Taken in Bad Faith, Nor Were
They Dilatory Nor Did She Needlessly
Protract This Matter. . . . . . . . . . . . . . 10

Although Defendant Filed a Separate Complaint
To Reverse the Second Due Process Decision,
That Matter Has Not Yet Been Concluded. . . . . 11

Counsel for Defendant Makes Several
Mis-Statements in the Pleadings. . . . . . . . .12

Closing. . . . . . . . . . . . . . . . . . . .15

i

# TABLE OF AUTHORITIES

page

Federal Statutes

20 U.S.C. § 1415(i)(3)(B)(i). . . . . . . . . 7

Local Rules of Court

Local Rule 7-3. . . . . . . . . . . . . . . 3, 4, 5,
                                            6, 7, 9,
                                            15

Supreme Court Cases

*Christianburg Garment Co. v. EEOC*
  434 U.S. 412, 98 S.Ct. 694,
  54 L.Ed.2d 648 (1978). . . . . . . . . . . .12

Federal Cases

*Alta Loma School Dist. V. Raul
Cruz and Ausencia Cruz*
  Case No. CV 20-00235. . . . . . . . . . . 4, 11,
                                            15

*E.E.O.C. v. Bruno's Restaurant*
  13 F.3d 285 (9th Cir. 1992). . . . . . . . 13

*Jane L. v. Bangerter*
  61 F.3d 1505 (10th Cir. 1995). . . . . . . .12

*Karam v. City of Burbank*
  352 F.3d 1188 (9th Cir. 2003). . . . . . . 12

*Primus Auto. Fin. Serv. Inc., v. Batarse*
  115 F.3d 644 (9th Cir. 1997). . . . . . . .13

*R.P v. Prescott Unified School Dist.*
  631 F.3d 1117 (9th Cir. 2011). . . . . . . 13

State Cases

*People ex rel. Gow v. Mitchell Bros'
Santa Ana Theater* (1980)
  101 CA 3d 296, 161 CR 5620 . . . . . . . . .3

Rules of Professional Conduct

Rules of Prof'l Conduct 4.2. . . . . . . . .15

# INTRODUCTION

Defendant has filed a motion without compliance with Local Rules for a "meet-and-confer" conference. In its motion, Defendant slings mud, stating that Plaintiff has filed "unmeritorious petitions for rehearing" but failing to provide support for that claim. Defendant alleges that Plaintiff has engaged in tactics and taken "positions that confuse the issues and stall and delay proceedings" but does not document them. For example, in Plaintiff's motion for fees in the District Court, Counsel was criticized for the increase in her fees over the course of settlement negotiations with Defendant District. From early February 2018 until the date of the due process hearing, on May 2, 2018, as the parties discussed settlement terms, Plaintiff's counsel had to continue to prepare for hearing, increasing her fees often on a daily basis. Anything less would have been mal-practice and would not have permitted Plaintiff to be prepared to proceed at hearing. Because the Court has been provided Plaintiff's Billing Invoices from the underlying due process matter, the Court has not yet had.. and never will have... an opportunity to gauge Counsel's services during settlement discussions.

Essentially, Defendant faults Plaintiff for the lack of re-payment to the District and then alleges "tactics" and actions that are not defined.

## PLAINTIFF'S COUNSEL DID NOT ACT IN A DILATORY OR BAD FAITH MATTER.

When the Ninth Circuit Court of Appeals issued its mandate, Defendant's counsel contacted Plaintiff about repayment of the $2,784.17 paid for attorneys fees from the District.  Counsel for Plaintiff had timely filed a Petition for En Banc Re-hearing and had discovered authority that indicated that a mandate was not final until, if appealed, the mandate was affirmed. *People ex rel. Gow v. Mitchell Bros' Santa Ana Theater* (1980) 101 CA 3d 296, 306, 161 CR 5620 The parties communicated regarding the repayment, and Plaintiff's counsel reminded Defendant that, upon the ruling denying the En Banc Re-hearing, timely payment would be made. (See Decl. of Santos, Exhibit 6) At that time, there was no objection or disagreement by Defendant with Counsel's statement regarding payment after the En Banc ruling.

Following the denial of an En Banc re-hearing in January 2022, Plaintiff's counsel realized that there had been no final determination on the appeal filed by Defendant District to overturn the remanded OAH Decision.  Counsel discussed settling that matter by addressing the fees to the prevailing party parents and offsetting the fees due to the District by the Ninth Circuit mandate.  Defendant's counsel did not object to that statement and took no steps to file a motion, i.e., to hold the Local Rule 7-3 conference

3

1  before any motion was filed.

2      Counsel's intent in discussion and delaying the
3  payment was to address potential settlement of the
4  still-pending-but-stayed complaint filed by Defendant
5  in CV 20-00235 SVW.   Instead of further litigation by
6  the parties in that matter, Counsel believed it to be
7  appropriate to discuss an offset of fees due to the
8  District along with potential fees should District's
9  complaint in CV 20-00235 SVW be denied.

10      There was no intent by Plaintiff's counsel to
11  delay payment... other than to address the payment so
12  that further litigation might be avoided by a lack of
13  back-and-forth checks between the parties.  Had
14  Defendant conducted a meet-and-confer, this would have
15  been addressed and discussed at that time.   However,
16  Plaintiff could not obtain any response from Defendant
17  about an offset for potential fees in the pending
18  District Court case.

19      Plaintiff's counsel received a copy of the
20  Court's March 20, 2022 Minute Order on April 6, 2022,
21  when she returned home from a long cruise.  At that
22  time, Counsel prepared a check for an advancement on
23  behalf of Plaintiff's parents to the District and sent
24  that check to Defendant's counsel.

25
26      **DEFENDANT'S COUNSEL FAILED TO COMPLY WITH
   LOCAL RULE 7-3 PRIOR TO FILING OF ANY MOTION**

27      In all cases that are not exempt or addressed by
28  discovery or temporary restraining orders or

4

injunctions...

> Counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion.  If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for hte moving party shall include in the notice of motion a statement to the following effect
>
> (This motion is made following the conference of counsel which took place on _____.)

Local Rule 7-3

The Notice of Motion states that a "conference of counsel" took place on June 26 and September 10, 2020; July 7 and 30, 2021; and January 24, February 11 and 24, and March 3, 2022. (Notice 2:23-25)

This statement is false.  The communications by Defendant's counsel were emails or letters and did not comply with Local Rule 7-3.

The June 26, 2020 email does even not purport to address any potential motion. (See Dkt 92-3, p. 20)

Neither does the September 10, 2020 email even purport to address any potential motion. (See Dkt 92-03, p. 22)

Defendant's counsel's letter of July 7, 2021 did mention a motion but failed to comply with the requirements of LR 7-3. (See Dkt. 92-3, p. 24-25)

An email sent to Ms. Santos on July 30, 2021 from Plaintiff's counsel reminded Ms. Santos of the En Banc Petition filed by Plaintiff. (See Dkt. 92-3,

p. 27)

Defendant did send a letter on February 24, 2022 to Plaintiff but, again, there was no offer to conduct the conference mandated by L.R. 7-3. (See Dkt 92-3, pp. 29-30)   In fact, at no time did Ms. Santos express any interest in the meet-and-confer conference mandated by LR 7-3.

The email from Ms. Santos on February 11, 2022 did mention the filing of a motion but failed to comply with LR 7-3. (See Dkt 92-3, p. 32)

As with all other communications to Plaintiff, the February 24, 2022 letter failed to offer a meet-and-confer conference in order to comply with LR 7-3.

The final email sent by Ms. Santos, like all the remaining communications that Defendant alleges are "the conference of counsel pursuant to L.R. 7-3..." (Notice, 2:23-25) once again fails to offer a meet-and-confer as L.R 7-3 requires.

Had Defendant actually met and conferred with Plaintiff's counsel to discuss its potential motion, the parties certainly would have discussed Plaintiff's claims regarding the "stayed" District Court case related to the remanded OAH Decision issued November 8, 2019 in which Plaintiff fully prevailed.   The parties would have discussed a reasonable approach for the Court to address returning that matter to the active calendar.

As intended by LR 7-3, all of this might have

6

been avoided had Defendant complied with that mandatory conference.

## ATTORNEY'S FEES ARE THE RIGHT OF AND PAYABLE TO A PARENT WHO PREVAILS IN A DUE PROCESS HEARING.

Pursuant to the Individuals with Disabilities Education ("IDEA"), the right to attorney's fees is that of a parent. 20 U.S.C. § 1415(i)(3)(B)(i)

> In general, in any action or proceeding brought under this section the court in its discretion may award reasonable attorney's fees as part of the costs ...to a prevailing party who is a parent of a child with a disability.
> ID

In this matter, the Court ordered payment of fees to Plaintiff, not to Plaintiff's counsel, who was never a party to this matter.  Plaintiff's counsel, who was never asked to participate in mandatory Local Rule 7-3 conference, and whose client has valid and viable claims for fees for a second OAH Decision that has yet to be reversed, has now advanced the repayment of the fees to Defendant Alta Loma School District. That payment was made within a few weeks of the final order from the Ninth Circuit Court of Appeals which denied Plaintiff's En Banc Petition on January 14, 2020.  The issue of payment to Plaintiff in this matter, should the District's pending complaint to reverse the remanded OAH Decision fail, remains to be determined.

/////

/////

7

**PLAINTIFF'S COUNSEL HAS ADVANCED THE REIMBURSEMENT OF PLAINTIFF'S ATTORNEY'S FEES TO DEFENDANT ALTA LOMA SCHOOL DISTRICT.**

Knowing that Plaintiff's counsel, Tania Whiteleather, would be leaving her office on March 17, 2022 for over two weeks and would be out of the country, Ms. Santos, without proposing a meet and confer, filed a Motion to Compel Enforcement and to Request Monetary Sanctions on that very day, shortly after the close of business.  Here, Defendant's counsel would have done better by adhering to the Court's Civility and Professionalism Guideliness, available at the Court's website at https://www.cacd. uscourts.gov/attorneys/admissions/civility-and-professionalism-guideliness#Service %20of%20apers.

Under Section B, "Lawyer's Duties to Other Counsel," subsection B.3, "Service of papers," reads in pertinent parts:

Service of Papers

We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

We will not serve papers sufficiently close to a court appearance so as to inhibit the ability of opposing counsel to prepare for that appearance or, where permitted by law, to respond to the papers.

We will not serve papers in order to take advantage of an opponent's known absence from the office or at a time or in a manner designed to inconvenience an adversary, such as late on Friday afternoon or the day preceding a secular or religious holiday.

The first and third sections above are precisely

8

on point and should have been followed by Defendant.

Once the motion was filed, Counsel for Plaintiff immediately contacted Ms. Santos about a joint continuance of the motion, but after Defendant declined that request, then filed her Ex Parte Application, explaining that she was out of the country and could not access internet or timely respond to the Motion.  Had Ms. Santos conducted the meet-and-confer mandated by LR 7-3, Counsel for Plaintiff would have been alerted to the need to address her client's repayment and the options regarding such repayment.

Defendant's failure to propose the meet-and-confer conference mandated by LR 7-3 and instead filing the motion when its counsel knew that Plaintiff's counsel would not be in her office appears – besides violating the Civility and Professional Guidelines – intended to defeat the purpose of 7-3, which is to attempt to resolve issues before a motion is filed.

It would appear reasonable for the Court to continue the motion so that the required meet-and-confer conference pursuant to LR 7-3 can be held.

Plaintiff's Counsel has now, after returning from an out-of-country vacation, advanced for her client the payment due from Plaintiff to Alta Loma School District.

/////

**OTHER ACTIONS OF PLAINTIFF'S COUNSEL WERE NOT TAKEN IN BAD FAITH, NOR WERE THEY DILATORY NOR DID SHE NEEDLESSLY PROTRACT THIS MATTER.**

In the fee motion filed by Plaintiff's counsel for the initial OAH hearing, the Court did state that Plaintiff's counsel had engaged in "protracting behavior."  However, the Court never had a chance to review the actual timesheets and billing invoices from Counsel for Plaintiff which identified the required services that Counsel had to provide during the parties negotiations in the hearing.  Specifically, the Court ordered that no billing for the hearing be filed; Plaintiff complied, and the Court was unaware of the actual times and services expended by Counsel for Plaintiff in the underlying hearing.

Without that detailed billing, the Court had only the letters back and forth regarding the parties' offers and counter-offers... and nothing to identify the mandatory services and required actions that were the cause of increased fees for Plaintiff.

Defendant now contends that Plaintiff should have complied with the Ninth Circuit's June 30, 2021 mandate and returned the fees paid to the parents. Defendant fails to mention that, after this Court's order for fees and costs, it took six months for Defendant to provide that minimal payment to Plaintiff.

/////

/////

10

**ALTHOUGH DEFENDANT FILED A SEPARATE COMPLAINT TO REVERSE THE SECOND DUE PROCESS DECISION, THAT MATTER HAS NOT YET BEEN CONCLUDED.**

On February 5, 2020, Alta Loma School District filed a complaint to reverse the remanded OAH Decision. That matter, *Alta Loma School Dist. V. Raul Cruz and Ausencia Cruz*, CV 20-00235, was stayed by this Court on June 11, 2020 and has not been returned to the Court's active calendar.

While Plaintiff herein understands that the stayed case could result in a reversal of the OAH Decision on November 8, 2019, that conclusion is not foregone and is dependent upon a further ruling by this Court.  Defendant is well aware of that fact. Even though Plaintiff's Counsel has addressed settlement of the pending District Court case, including fees that were incurred in that matter, counsel for Defendant, has overlooked the fact that Plaintiff L.C. prevailed in the remanded OAH Case and received a positive Decision on November 8, 2019.

Following the Order by the Ninth Circuit Court of Appeals reversing this Court's Judgment and Order for attorney's fees, Plaintiff filed a Petition for En Banc Hearing.  That petition was denied in February 2022, and counsel for the parties communicated about both the fees paid pursuant to this Court's Order and the fees due to the parents for the OAH due process in which they prevailed.

/////

11

## COUNSEL FOR DEFENDANT MAKES SEVERAL MIS-STATEMENTS IN THE PLEADINGS.

An award of attorney's fees may be awarded a prevailing defendant when a plaintiff's claim was "frivolous, unreasonable, or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) The Ninth Circuit later addressed fee awards to prevailing defendants, finding a case to be frivolous only when "...the result is obvious or the ...arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (citations omitted)

In *Christianburg,* the Court warned that

> ...a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.

*Id.*, at 727,

The *Christianburg* standard is a high one, rarely has a case been found so frivolous that the imposition of attorney's fees on the plaintiff are justified. A Court's more than cursory review, application of the law to the facts at length, and failure to find any arguments to be frivolous supports a finding that the plaintiff's theories were not frivolous. *Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995) In short, "so long as the plaintiffs present evidence that, if believed by the fact-finder, would entitle them to relief, the case is per se not frivolous and

12

will not support an award of attorney's fees. *E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 290 (9th Cir. 1992), *R.P v. Prescott Unified School Dist.,* 631 F.3d 1117 (9th Cir. 2011)   While the above cases speak to complaints and causes of action, they also define "frivolous."

Plaintiff's attempt to address the pending (but stayed) case seeking to reverse the remanded OAH Decision issued on November 8, 2019 was not abusive or frivolous.  It was a reasonable action to take given the fact that L.C. and his parents had prevailed in that second OAH hearing, and that, despite the District's complaint to reverse that Decision, no reversal has yet been granted.

Again, had the parties been able to discuss the pending (but stayed) case and its significance related to the ordered reimbursements, the issues raised herein might have been resolved.  However, Defendant failed to request a meet-and-confer conference.

Defendant claims that Plaintiff has made "unmeritorious petitions for rehearing" (Motion, 14:27).  As counsel for Defendant well knows, the only petition for re-hearing filed by Plaintiff was to the Ninth Circuit for an En Banc re-hearing.  Simply because a party does not obtain an en-banc hearing, the petition for en banc is neither frivolous nor improper; Plaintiff did not "knowingly or recklessly [raise] a frivolous argument..." *(Primus Auto. Fin.*

1   *Serv. Inc., v. Batarse*, 115 F.3d 644, 648–649 (9th

2   Cir. 1997) by seeking an En Banc re-hearing when

3   Plaintiff believed that the Ninth Circuit mis-took

4   the facts.  As Plaintiff presented in the petition,

5   the significant lack of cost information regarding the

6   independent evaluator prevented the parties from

7   negotiation the costs of the evaluator, as the

8   District Court found.  Plaintiff's En Banc Petition

9   set forth a simple and clear statement of the need for

10  re-hearing; the lack of an order granting the En Banc

11  did not make that petition frivolous.  Further,

12  Defendants have identified nothing that made or makes

13  that En Banc petition frivolous.  That the Ninth

14  Circuit Court of Appeals took six months to deny that

15  petition indicates that there was some significant

16  review of Plaintiff's request and that, far from being

17  frivolous, it apparently seemed to the Court to be a

18  fairly close question.

19      Tiffany Santos presents a letter in which she

20  claimed that represented the District in "any and all

21  matters involving L.C."  (See Declaration of T. Santos

22  Exhibit 9, Doc. 92-3)  In fact, Ms. Santos' email of

23  February 11, 2022 did not made such a statement.

24  (Decl. of T. Santos, Exhibit 8)

25      Plaintiff's counsel attempted to speak to the

26  District's superintendent regarding a potential claim

27  by Plaintiff for fees for the November 8, 2019 OAH

28  due process Decision in which Plaintiff prevailed.

14

In an overabundance of caution, because Defendant's counsel has stated several times that she has not received emails addressed to her, Plaintiff's counsel communicated with both the superintendent regarding that potential future case/claim for fees and with Ms. Santos.  The fees claim was outside of representation in the current matters and could be addressed to a District representative. Rules of Prof'l Conduct 4.2 Plaintiff's counsel violated no ethical rules by her communications.

## CLOSING

Defendant has failed to comply with LR 7-3, a mandatory step before filing a motion such as that filed herein.  Without an actual conference as to the positions of the parties, including the status of the second District Court case, *Alta Loma School Dist. V. Raul Cruz and Ausencia Cruz*, CV 20-00235, the parties could not address the issues relevant to the pending matter and to judicial economy.  Plaintiff's counsel shared her concerns with Defendant regarding offset and the pending District Court case, but that was never discussed at a meet-and-confer.

Petitioner and his counsel took no actions that were frivolous or in bad faith.  Filing the En Banc petition, given the findings by the District Court, was not an action that fit the description of frivolous under federal law.  Petitioner's counsel informed Defendant of her intent to wait until the

appeal was final, i.e., until the Ninth Circuit Court of Appeals had ruled on his En Banc Petition.  Not once did Defendant seek to conduct the meet-and-confer to address any concerns with Plaintiff's position.

    Plaintiff's counsel has now advanced the fee reimbursement to Defendant District and asks that the Court find her client's – and her – actions to not have been dilatory or in bad faith in light of the facts herein.  Plaintiff asks that the Court deny the request by Defendant for sanctions.

Dated: April 10, 2022

                              By: */s/ Tania L. Whiteleather*
                                  TANIA L. WHITELEATHER
                                  Attorney for Plaintiff

16